**William F. DE GAGNE**

v.

**LOVE'S FISHERIES, Inc.**

**Civ. A. No. 53–895.**

United States District Court
D. Massachusetts.

Oct. 25, 1954.

## Conclusions of Law

I conclude and rule that the plaintiff has failed to demonstrate by the greater weight of the evidence that his injury was due to the boatowners' negligence. Judgment may be entered in accordance with the above.

Joseph Freitas, New Bedford, Mass., for plaintiff.

Kneeland & Splane, James A. Whipple, Jr., Boston, Mass., for defendant.

SWEENEY, Chief Judge.

In this action the plaintiff seeks to recover for alleged injuries sustained aboard the scalloper Mary E. D'Eon and for cure and maintenance.

### Findings of Fact

The plaintiff alleges that by reason of the defective lighting aboard the vessel on which he was working that his hand came in contact with a spike protruding from the head of a fish that he was handling. From the evidence I cannot find that the lighting was defective. The plaintiff has not sustained the burden of proving unseaworthiness on the part of the ship, nor has he established by a preponderance of the evidence that the boatowners failed to provide a reasonably safe place to work. The evidence of other fishermen was contrary to his contention and more persuasive.

I find that the plaintiff is entitled to cure and maintenance at the rate of $6 a day for a period of forty-five days.

Since the Congress has failed to enact legislation in furtherance of Section 1(b) of Article 5 of the Shipowners' Liability Convention, the plaintiff cannot recover on his third count.